## Case No. 6,781.

HOWELL et al. v. PHILADELPHIA MUT. INS. CO.

[25 Hunt, Mer. Mag. 80.]

Circuit Court, D. Maryland. July, 1851.

MARINE INSURANCE — SALE BY MASTER AS UNDER NECESSITY—ABANDONMENT, WHEN JUSTIFIED.

[1. A sale by the master as under necessity cannot bind the underwriters, unless the circumstances antecedent to the sale are such as to authorize an abandonment.]

[2. There is no right to abandon under policies which fix the value of the ship, when the estimates of repairs do not exceed one-half of such valuation.]

[This was an action by Howell & Lemmon against the Philadelphia Mutual Insurance Company.]

Messrs. Glenn and Talbot, for plaintiffs.
Charles F. Mayer, for defendants.

Before TANEY, Circuit Justice, and HEATH, District Judge.

In this case, among other points, the defendants contended that there can be no sale, as under necessity, by the master, which can bind the underwriters where the circumstances antecedent to the sale do not authorize an abandonment; and that there was no right, in these cases before the court, to abandon, as the estimate of necessary repairs did not exceed half of the amount at which the ship was valued in the policies; these containing a clause that fixes the policy valuation as the only standard, in any case of loss, constructive or actual. THE COURT decided all these positions for the defendants, and recognized the policy valuation as the only and binding value under the special clause referred to for claims of loss. The authority to sell from necessity as given to the master by various decisions, so as to implicate insurers in a total loss with salvage, has rested on very vague grounds hitherto. But this decision of establishing that as to insurers it is only the right to abandon that makes the necessity, justice, gives definiteness to the principle of "necessary" sales in, at least, a very large class of cases of loss.